IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JENIVER FABIAN MARTINEZ TRUJILLO,

Petitioner,

v. No. 2:26-cv-01386-KG-GJF

MARKWAYNE MULLIN, et al.,

Respondents.

**MEMORANDUM OPINION AND ORDER**

Before the Court are Petitioner's Motion to Alter Judgment, Doc. 14, Motion for Immediate Release, Doc. 15, and Motion for Further Relief, Doc. 16. For the reasons below, those motions are denied.

The Court previously ordered that Petitioner receive a bond hearing before an immigration judge. *See* Doc. 13. Respondents have since filed a status report confirming that the hearing took place and that the immigration judge denied bond, finding Petitioner a flight risk based on his speculative relief and the lack of financial support from his proposed sponsor. *See* Doc. 17-1 at 1.

Petitioner first argues that his Fifth Amendment claim was never moot and should be considered independently of the statutory claim already resolved by this Court. *See* Doc. 14 at 2–3 (citing Doc. 13). He is correct that the Court's prior Order should not have characterized the constitutional claim as moot. In granting Petitioner relief under 8 U.S.C. § 1226(a), the Court followed *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1250 (10th Cir. 2026), which independently entitled Petitioner to an individualized bond hearing, and declined to reach the constitutional question under the principle of constitutional avoidance. The Court's prior Order thus rested on constitutional avoidance, not mootness, and is clarified accordingly.

The Court nevertheless need not decide whether Petitioner's prolonged detention without an individualized hearing violated the Fifth Amendment or entitles him to release. The Court already

resolved that detention claim on statutory grounds by ordering the individualized bond hearing required by *Santillan Quiroz*. *See* Doc. 13. The subsequent denial of bond does not alter that resolution or require the Court to reach the constitutional question it previously declined to decide. The Court therefore again declines to reach Petitioner's Fifth Amendment claim.

That conclusion is distinct from the question whether the bond hearing Petitioner received permits this Court to review the immigration judge's subsequent denial of bond. It does not. Section 1226(e) precludes judicial review of the Attorney General's discretionary judgment regarding the decision whether to release a noncitizen on bond. 8 U.S.C. § 1226(e); *see Jennings v. Rodriguez*, 583 U.S. 281, 295, 306 (2018). Thus, this Court may not substitute its judgment for the immigration judge's discretionary determination about bond. Petitioner identifies no defect in the hearing, but challenges the immigration judge's assessment of his flight risk. *See* Doc. 15 at 4; Doc. 16 at 2–3. But an individualized hearing with a meaningful opportunity to be heard does not guarantee release or a particular weighing of the evidence. *See Jennings*, 583 U.S. at 304–05. Because Petitioner received the individualized hearing required by § 1226(a), and his remaining challenge concerns only the immigration judge's discretionary assessment, he is not entitled to further relief from this Court.

Because Petitioner has received the process to which he is entitled under § 1226(a), no further relief is warranted. Petitioner's motions are therefore denied.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.